**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Maria L.,

Petitioner,

v.

Todd Blanche, *in his official capacity as Acting Attorney General of the United States*; Markwayne Mullin, *in his official capacity as Secretary of the Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; and Sheriff Joel Brott, *in his official capacity as Sheriff of Sherburne County*,

Respondents.

Civ. No. 26-2515 (JWB/ECW)

**ORDER**

---

Respondents filed a letter on June 29, 2026, asserting that this action has become moot because Petitioner's removal order became administratively final on June 22, 2026. (*See* Doc. No. 15.) According to Respondents, Petitioner's detention is therefore now governed by 8 U.S.C. § 1231(a)(2)(A).

Petitioner responded on July 1, 2026, disputing those assertions. (*See* Doc. No. 16.) Petitioner contends that she did not knowingly and intelligently waive her right to appeal, that the removal order is therefore not administratively final, that a Notice of Appeal was timely filed with the Board of Immigration Appeals appealing both the

purported waiver and the underlying removal decision, and that continued detention pending resolution of the administrative appeal is unlawful.

The present record does not permit resolution of those issues. Whether this action has become moot depends upon whether Petitioner's removal order is administratively final. Resolution of that question requires a more complete record concerning the legal effect of Petitioner's Notice of Appeal, the alleged waiver of appeal, and the present status of the administrative proceedings before the Board of Immigration Appeals. Those same issues also bear directly on the statutory authority under which Respondents contend Petitioner is presently detained.

Accordingly, **IT IS HEREBY ORDERED** that:

1. No later than July 8, 2026, Respondents shall file a memorandum, not to exceed ten pages, addressing:

a. whether Petitioner's removal order is presently administratively final;

b. the legal effect of Petitioner's June 26, 2026 Notice of Appeal;

c. whether Respondents contend that the Notice of Appeal is ineffective because Petitioner validly waived the right to appeal before the Immigration Judge, together with the legal and factual basis for that position;

d. whether any immigration tribunal has determined that the alleged waiver is valid or that the Notice of Appeal is ineffective;

e. the statutory authority under which Respondents contend Petitioner is presently detained; and

f. whether Petitioner's habeas claim is moot.

2. Respondents shall file with that memorandum copies of all administrative materials relevant to those issues, including:

a. the Immigration Judge's written order;

b. any written waiver of appeal;

c. any transcript or recording reflecting the alleged waiver;

d. Petitioner's Notice of Appeal and accompanying filings;

e. any order, notice, docket entry, or other communication from the Board of Immigration Appeals concerning the status of Petitioner's appeal; and

f. any additional administrative materials upon which Respondents rely in asserting that the removal order is administratively final or that Petitioner's detention is authorized under 8 U.S.C. § 1231.

3. Petitioner may file a response, not to exceed ten pages, by July 10, 2026. The response may address both mootness and Petitioner's contention that continued detention during the pendency of the administrative appeal is unlawful.

4. Petitioner shall not be removed from the District of Minnesota or from the United States pending further order.

Date: July 1, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge